**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEUROSPINE PLUS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AETNA,<br><br>    Defendant. | No. 25cv3022 (EP) (CF)<br><br>**WHEREAS OPINION & ORDER** |

**PADIN, District Judge.**

    **THIS MATTER** comes before this Court upon Plaintiff Neurospine Plus LLC's Motion to Confirm an Arbitration Award and to Stay Discovery, D.E. 12 ("Motion"); and

    **WHEREAS** Plaintiff initiated the instant lawsuit on April 22, 2025, against Defendant Aetna, asserting claims pursuant to and in violation of the No Surprises Act ("NSA"), 42 U.S.C. § 300gg-111 *et seq.* D.E. 1 ("Compl.") ¶¶ 40-53. As outlined in the Complaint, Plaintiff seeks to recover a total of $77,670.67 from two Independent Dispute Resolution ("IDR") awards issued in its favor on November 17, 2024, and October 29, 2024. *Id.* ¶¶ 20, 35; and

    **WHEREAS** multiple opinions from this District have recently considered the questions of law raised in Plaintiff's Motion, Defendant's opposition brief, D.E. 18, and Plaintiff's reply brief, D.E. 19, including *Modern Orthopaedics of New Jersey v. Premera Blue Cross*, No. 25-1087, 2025 WL 3063648 (D.N.J. Nov. 3, 2025), *Garden State Pain Management v. Horizon Blue Cross Blue Shield of New Jersey*, No. 25-5679, 2025 WL 3443243 (D.N.J. Dec. 1, 2025), and *Mitchell F. Reiter MD PC, v. Horizon Blue Cross Blue Shield Of New Jersey*, No. 25-12526, 2025 WL 3514300, at *1 (D.N.J. Dec. 8, 2025), and have uniformly held, *inter alia*, that this Court lacks jurisdiction to confirm NSA awards because the IDR process is not an arbitration and there

is no enforceable arbitration award. Accordingly, this Court ordered the parties to each file a letter addressing whether the reasoning in these cases applies to the present matter and is dispositive of the issues raised in Plaintiff's Motion. D.E. 26; and

**WHEREAS** having considered the parties' briefs and supplemental letters, the Court concludes that, for the reasons thoughtfully and thoroughly articulated in the aforementioned opinions, it lacks jurisdiction over the instant matter; therefore

Plaintiff's Motion to Confirm an Arbitration Award is **DENIED**, and because the Court lacks jurisdiction over this action, Plaintiff's Motion to Stay Discovery is **DENIED** as **MOOT** and Plaintiff's Complaint is **DISMISSED** *with prejudice*.

Dated: January 7, 2026

Evelyn Padin, U.S.D.J.